Robert S. Prince (2652)
David M. Wahlquist (3349)
Shawn T. Richards (11949)
KIRTON & McCONKIE
Eagle Gate Tower, Suite 1800
60 East South Temple
Salt Lake City, Utah  84111-1004
Telephone:  (801) 328-3600
Fax:  (801) 212-2082
Email:  rprince@kmclaw.com
Email: dwahlquist@kmclaw.com
Email: srichards@kmclaw.com

*Attorneys for Fairstar Resources, Ltd.*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re: AIP RESORT DEVELOPMENT, LLC,<br><br>    Debtor. | **Bankruptcy No. 10-25027 JTM**<br><br>Honorable Joel T. Marker<br><br>**FAIRSTAR RESOURCES, LTD.'S MEMORANDUM IN OPPOSITION TO MOTION OF AIP RESORT DEVELOPMENT, LLC AND AMERICAN INSTITUTIONAL PARTNERS, LLC TO STAY ORDER GRANTING TRUSTEE'S MOTION TO CONVERT PENDING APPEAL**<br><br>(Filed via ECF) |

Fairstar Resources Ltd. ("**Fairstar**"), a party in interest in the above-captioned Chapter 11 Bankruptcy of debtor AIP Resort Development, LLC ("**AIPRD**" or "**Debtor**"), hereby files this Objection to AIP Resort Development, LLC and American Institutional Partners, LLC's ("**AIP**") (collectively ("**Movants**")) Motion to Stay Order Granting Trustee's Motion to Convert Pending Appeal (the "**Stay Motion**").

## INTRODUCTION

On March 14, 2011, after an evidentiary hearing, this Court granted the Trustee's Motion to Convert (Docket No. 205) and converted this case to one under Chapter 7. Notwithstanding the overwhelming evidence in support of conversion, Movants (both of whom are controlled by Mark Robbins ("**Robbins**")) are again delaying administration of Debtor's estate by attempting to stay the conversion pending appeal. For the reasons outlined below, Movants have failed to meet the substantial burden that would justify a stay pending appeal.

## FACTUAL BACKGROUND

The facts leading up to the Motion to Stay are well established in the record and for purposes of judicial economy need not be restated here.

## ARGUMENT

Movants fail to meet the heightened threshold required to stay a conversion of this case pending appeal. Movants cannot establish that their appeal is likely to succeed on its merits and that irreparable harm will result absent a stay. To the contrary, a wealth of evidence exists to

support the conversion and the Trustee will be substantially prejudiced if a stay is granted. Finally, public policy weighs in favor of denying the requested stay.

I. **MOVANTS HAVE FAILED TO MEET THE HIGH BURDEN OF ESTABLISHING THE NECESSITY OF A STAY PENDING APPEAL.**

A motion to stay pending appeal is an extraordinary relief which places high burden on the moving party. *In re Lickman*, 301 B.R. 739, 742 (Bankr. M.D. Fl. 2003) ("A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant."). To grant a stay pending appeal, the Court must analyze four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*In re Lang*, 414 F.3d 1191, 1201-02 (10th Cir. 2005). Movants have failed to meet their heavy burden of establishing the need for a stay pending appeal.

A. **Movants Have Not Established a Likelihood of Prevailing on Appeal.**

The party moving for a stay must do more than establish a "mere possibility of success on the merits." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Indeed, courts require a "strong" or "substantial" showing of a likelihood of success on the merits of the appeal. *See e.g. Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977) (stating that a party must make a "strong showing that he is likely to prevail on the merits of the appeal"); *In re Porter*, 54 B.R. 81, 82 (Bankr. Okl. 1985) ("Without a

3

substantial indication of probable success on appeal a court should not issue a stay"). Here, Movants fail to establish a strong or substantial likelihood of success on the merits.

### 1. Debtor's Involuntary Bankruptcy Filing.

Movants first argue that they are likely to succeed on appeal because Debtor should have never been put into bankruptcy in the first place. (*See* Stay Motion at 6-9.) This argument is nonsensical given that the appeal is based solely on this Court converting the case to one under Chapter 7 and not on whether Debtor was improperly placed in bankruptcy. Movants' argument in this respect is therefore irrelevant and should be summarily disregarded.

Second, in making this argument Movants are "speaking out both sides of their mouths." On one side they argue that Debtor was improperly placed in to bankruptcy and on the other, Movants have taken full advantage of the bankruptcy, the benefit of the automatic stay, and this Court. In the course of a few short months, Movants have: (1) invoked the automatic stay to prevent Fairstar from executing on AIP's interests in the revolving line of credit between AIP and Debtor (including a request to sanction Fairstar for violating the automatic stay in Fairstar's efforts to execute on the line of credit) (Docket Nos. 41-44); (2) filed multiple motions to compel, each time requesting an expedited hearing; (Docket Nos. 86-88, 108-110); (3) propounded written discovery requests to Fairstar; (4) conducted a 2004 Examination of Fairstar in Perth, Australia (attended by both Mr. Kittila and Robbins); (5) opposed Fairstar's motion for relief from the automatic stay (Docket Nos. 188-189); and (6) filed a proposed Joint Plan of Reorganization together with a proposed Disclosure Statement (Docket Nos. 187 and 198).

Movants cannot seek the advantage of being in bankruptcy and then a year after being put into bankruptcy argue that it will succeed on appeal because it should have never been in bankruptcy in the first place.[1]

### 2. No Unusual Circumstances.

Movants further argue that pursuant to 11 U.S.C. § 1112, this case should not have been converted to a Chapter 7 case because unusual circumstances exist. (*See* Stay Motion at 9.) This argument is also unavailing. First, the circumstances listed by Movants do not constitute unusual circumstances. Indeed, involuntary proceedings, litigation in multiple jurisdictions, appointment of trustees, and disputes regarding service are common. Moreover, even assuming they were unusual, 11 U.S.C. § 1112 requires that the unusual circumstances establish that conversion "is not in the best interest of creditors and the estate." Movants have not shown why these "unusual" circumstances result in conversion not being in the best interest of creditors and the estate. Instead, the Trustee and the Court have both found that conversion is still in the best interest of the creditors and the estate, despite the "unusual" circumstances raised by Movants.

### 3. Debtor's Joint Plan of Reorganization is Not Confirmable.

Movants argue that they are likely to succeed on appeal because they have proposed a confirmable plan of reorganization. To the contrary, the Plan proposed by Movants would not be

---

[1] Movants also argue that they should not have been put into bankruptcy because the two petitioning creditors, Lockhart & Munroe, and AD Capital, LLC, (collectively "Petitioning Creditors") are not actually creditors. (*See* Stay Motion at 6.) However, Movants have not made any showing that they are any more likely to succeed on this argument than are the Petitioning Creditors who dispute Movants' contentions. For a complete explanation as to why Movants are not likely to prevail on their argument that the Petitioning Creditors are not actual creditors, Fairstar refers the Court to both Petitioning Creditors' Reponses to Objection to Claims found at Docket Nos. 192 and 194.

approved even if this case were to remain under Chapter 11.  First, the plan seeks to discharge the Trustee and wrest control of Debtor back to Robbins, whom this Court has already ousted as the person responsible for Debtor.  (*See* Docket 187, Plan at 33.)  The Plan is therefore nothing more than an attempt by Robbins to circumvent the Court's appointment of the trustee.

Movants further claim that the Plan is confirmable because creditors AIP and Durham Jones & Pinegar ("DJP") have stated that the Plan may be "achievable."  (*See* Stay Motion at 10.)  However, this argument provides little support as to the confirmability of the Plan.  AIP itself is clearly an insider who would not be entitled to vote on the proposed Plan at all.  *See* 11 U.S.C. § 101(31)(B) (Defining "insider" [in the event the Debtor is either a corporate entity or a partnership] to include a "person in control of the Debtor," which AIP has repeatedly stated it is.).  Furthermore, Movants acknowledged that DJP had serious reservations about the workability of the Plan.  (*See* Stay Motion at 10.)  Movants also recognized that the Petitioning Parties would not consent to the Plan.  And finally, the Trustee does not support the Plan

### 4.   Timeliness of the Trustee's Motion to Convert.

Finally, citing no legal authority, Movants argue that they will succeed on appeal because the Motion to Convert was filed prematurely.  Not so.  The simple reality is that this case was ripe for conversion at the outset.  As recognized by the Trustee, Debtor had no operating income during the months of May, June, July, August, September, October, November, and December 2010, and likely for much longer before that.  (*See* Docket 158, Motion to Convert; Docket Nos. 138-145, Debtor-In-Possession Monthly Financial Reports.)  The financial viability of Debtor is

the same now as it was when the involuntary petition was filed (*i.e.* no operating capital, no legitimate access to or source of operating capital, no employees, and no business operations). Moreover, Robbins has previously testified that Debtor's parent company, AIP, has no money with which to fund Debtor's operations. Making matters worse, AIP recently filed its own Chapter 11 petition in Delaware, thereby further evidencing that any attempted reorganization of Debtor is hopeless. It cannot be legitimately argued that the Trustee's Motion to Convert was premature.

      **B.**     **Movants Have Not Established any Likelihood that They will Suffer Irreparable Harm if a Stay is not Granted.**

Under this factor, "[t]he irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Lickman*, 301 B.R. at 748. Moreover, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.*

Neither the Debtor, nor any other party, will suffer irreparable harm if a stay is not granted. First, Movants' entire argument regarding irreparable harm is based on speculation. Movants argue they will suffer irreparable harm because: (a) there is a possibility that bidders may be unwilling to bid substantial amounts; (b) the parties at the Hermitage level may not welcome a new business partner; (c) such a sale of Debtor's assets may not be possible or desirable. (*See* Stay Motion at 13.)

These speculative arguments are not sufficient to show irreparable harm. (*See id.*) Moreover, the exact opposite of each may be true: bidders may in fact be willing to pay a high

7

amount, parties involved in Hermitage may gladly welcome a business partner other than AIPRD, and a sale of Debtor's assets may be possible and very desirable.

Furthermore, Debtor will not be irreparably harmed because the facts in this case have shown that the Debtor does not have any viable business remaining. (*See* Docket No. 158, Motion to Convert.) All that is left for Debtor is liquidation.

### C. Granting a Stay may Result in Harm to Other Parties to the Appeal.

Movants have provided no evidence that they will be harmed by the Court denying the Stay Motion. Court's have often found that this third factor is weighed against the movant when "granting of a stay would unduly delay administration of the bankruptcy estate." *In re Lickman*, 301 B.R. at 748; *see also In re Bob Hamilton Real Estate*, 164 B.R. 703, 705 (Bankr. M.D. Fla. 1994); *In re Bilzerian*, 264 B.R. 726, 735 (Bankr. M.D. Fla. 2001). Movants state that the Bankruptcy Code is aimed at protecting the interests of a debtor seeking to reorganize and to protect the interest of creditors where reorganization is not feasible. (*See* Stay Motion at 14.) Here, the Trustee (and this Court) has determined reorganization is not feasible and that this case should proceed under Chapter 7. (*See* Docket No. 158, Motion to Convert ¶¶ 13-15.) Granting a stay in this case would "unduly delay" the bankruptcy case from being administered in a way that both the Trustee and the Court deemed most appropriate. If the Stay Motion is granted, it will effectively tie the Trustee's hands, rendering him unable to effectively do his job to protect the interests of Debtor and creditors. Certainly, preventing the Trustee from doing his job will have a negative impact on all involved parties.

8

### D. Public Policy Favors Moving the Case Forward.

"The public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward." *Porter v. Yukon Nat. Bank*, 54 B.R. 81, 82 (Bankr. N.D. Okl. 1985). In this case, the Trustee believed it to be in the best interest of the estate and creditors to convert this case to a Chapter 7 case. The Court agreed and ordered a conversion. The public interest is best served here by moving the case forward as both the Trustee and the Court saw fit.

At the end of the day, and based on the foregoing, the Movants fall woefully short of meeting the heightened burden to stay conversion pending appeal. Movants simply regurgitate the same arguments that they have attempted to raise in the past. These arguments fail and the requested stay should be denied.

## II. DEBTOR DOES NOT HAVE AUTHORITY TO BRING THE STAY MOTION BECAUSE A TRUSTEE HAS BEEN APPOINTED.

In addition to the foregoing, "once a [Chapter 11] trustee is appointed, he or she is the representative of the estate ... [and] is substituted automatically for the debtor-in-possession as a party in any pending action, proceeding, or matter." *In re TS Industries, Inc.*, 125 B.R. 638, 641 (Bankr. D. Utah. 1991). In other words, "Once a trustee is appointed, the debtor-in-possession ceases to exist." *Id.* (quoting *In re Marker*, 100 B.R. 569, 570 (Bankr, N.D. Ala. 1989)). Therefore, "the appointment of a trustee ousts the debtor as manager of the estate." *Id. See also Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010) ("Chapter 11 bankruptcy trustee has a special role. The trustee stands in the shoes of the bankrupt corporation and has standing to

9

bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy."); *In re Wisconsin Cent. Ry. Co.*, 94 F. Supp. 165, 167 (D.C. Minn. 1951) ("Concededly, the debtor corporation now is in reality a mere shell.  The trustee whom the Court has appointed, not the debtor corporation, possesses the corporate assets and carries on the corporation's railroad affairs.  Neither the corporation nor its directors control the debtor's estate.").

Under this line of cases, Debtor AIPRD does not have authority to bring this Stay Motion.  The right to litigate on behalf the Debtor is vested solely in the appointed Chapter 11 Trustee.  *Id.*  The Trustee in this case has not authorized, nor shown any support for, the Motion to Stay filed by Debtor and its parent company.  Therefore, the Debtor cannot maintain this Motion.

## **CONCLUSION**

For the foregoing reasons, Fairstar respectfully requests that this Court deny Movants' Motion to Stay Pending Appeal.

DATED this 14th day of April, 2011.

                KIRTON & McCONKIE

                s/Shawn T. Richards
                Robert S. Prince
                David M. Wahlquist
                Shawn T. Richards
                Attorneys for Fairstar Resources Ltd.

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing **FAIRSTAR RESOURCES, LTD.'S MEMORANDUM IN OPPOSITION TO MOTION OF AIP RESORT DEVELOPMENT, LLC AND AMERICAN INSTITUTIONAL PARTNERS, LLC TO STAY ORDER GRANTING TRUSTEE'S MOTION TO CONVERT PENDING APPEAL** was filed electronically with the Clerk of Court using the CM/ECF system, which sent electronic notification of such filing, on this 14th day of April, 2011, to the following:

| | |
|---|---|
| Michael R. Johnson | mjohnson@rqn.com, sglendening@rqn.com; docket@rqn.com |
| Peter J. Kuhn | Peter.J.Kuhn@usdoj.gov; James.Gee@usdoj.gov |
| Douglas M. Monson | dmonson@rqn.com' tpahl@rqn.com; docket@rqn.com |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |

and that a true and correct copy of the foregoing **FAIRSTAR RESOURCES, LTD.'S MEMORANDUM IN OPPOSITION TO MOTION OF AIP RESORT DEVELOPMENT, LLC AND AMERICAN INSTITUTIONAL PARTNERS, LLC TO STAY ORDER GRANTING TRUSTEE'S MOTION TO CONVERT PENDING APPEAL** was served on the 14th day of April, 2011, to the following by:

| | | |
|---|---|---|
| Rafael X. Zahralddin-Aravena | ☒ | U.S. Mail, postage prepaid |
| Theodore A. Kittila | ☐ | Hand Delivery |
| ELLIOTT GREENLEAF | ☐ | Facsimile |
| 1105 N. Market Street, Suite 1700 | ☒ | Email |
| Wilmington, DE  19801 | ☐ | Overnight Courier |
| Email:  rxza@elliottgreenleaf.com | | |
|        tak@elliottgreenleaf.com | | |
| | | |
| Eric W. Pearson | ☒ | U.S. Mail, postage prepaid |
| Jonathan R. Clark | ☐ | Hand Delivery |
| PEARSON LAW, PC | ☐ | Facsimile |
| 10421 S. Jordan Gateway. Suite 600 | ☒ | Email |
| Salt Lake City, UT  84095 | ☐ | Overnight Courier |
| Email:  ewp@pearsonfirm.com | | |
|        jrc@pearsonfirm.com | | |

| | | |
|---|---|---|
| AIP Resort Development, LLC | ☒ | U.S. Mail, postage prepaid |
| 155 North 400 West, Suite 150 | ☐ | Hand Delivery |
| Salt Lake City, UT 84103 | ☐ | Facsimile |
| | ☐ | Email |
| | ☐ | Overnight Courier |

/s/ Wendy Maynard