Jeffrey M. Jones, Bar No. 1741
jjones@djplaw.com
Kenneth L. Cannon II, Bar No. 3705
kcannon@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, Utah 84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

*Attorneys for Durham Jones & Pinegar, P.C.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 10-25027 JTM |
|---|---|
| AIP RESORT DEVELOPMENT, LLC, | Chapter 7 |
| Debtor. | Honorable Joel T. Marker |

**OBJECTION OF DURHAM, JONES & PINEGAR TO TRUSTEE'S MOTION TO (A) APPROVE BID PROCEDURES AND BID PROTECTION FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZE THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (C) PROHIBITING CREDIT BIDS AT THE AUCTION; AND (D) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Durham Jones & Pinegar, P.C. ("DJP"), which is secured by all or most of the assets of AIP Resort Development, LLC (the "Debtor"), hereby objects to the motion (the "Omnibus Motion") of David L. Miller, Chapter 7 trustee in this case (the "Trustee") for an Order pursuant to 11 U.S.C. §§ 105, 363, and 365 (a) approving bid procedures and bid protections for the sale of the Debtor's assets, (b) authorizing the sale of the Debtor's assets free and clear of liens, claims, encumbrances, and interests, (c) prohibiting credit bids at the auction, and (d) authorizing the assumption and assignment of executory contracts and unexpired leases.

SLC_853057

2

1.      This case was commenced by an involuntary petition under Chapter 11 filed against the Debtor on April 19, 2010.  The petition was not contested and an Order for Relief was entered on June 8, 2010.

2.      DJP is a law firm organized and incorporated under the laws of the State of Utah. It has offices in Salt Lake City, Ogden, and St George, Utah, and Las Vegas, Nevada.  DJP holds and has filed Claim No. 5 as a secured claim against the Debtor in the amount of approximately $2,000,000.  The Debtor executed a collateral assignment and other agreements on February 26, 2009, in which the Debtor granted DJP a security interest in various assets of the Debtor, including the Debtor's 50% ownership in Heritage Estates Ltd., a Bahamian entity which owns approximately 1,400 acres on Little Exuma, an island in the Bahamas, and other assets of the Debtor.  DJP filed a UCC-1 financing statement to perfect its security interest on February 26, 2009.  Copies of these documents as well as a summary of DJP's claim are attached as exhibits to DJP's claim.

3.      DJP believes that it is unlikely that a liquidation auction of the Debtor's assets will bring an acceptable price for an unusual asset, consisting primarily of an equity interest in a foreign entity that owns a potentially extremely valuable asset.  DJP's principal objections to the Omnibus Motion, however, are the proposed bidding protections, the prohibition of DJP's credit bidding rights, and the requirements for a cash deposit and for evidence of financing for a secured creditor like DJP.

4.      DJP is entitled to credit bid and there is no basis for prohibiting it from doing so at any sale of the Debtor's assets approved by this Court.  Section 363(k) of the Bankruptcy Code provides the general rule:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. § 363(k). Section 101(37) of the Bankruptcy Code defines "lien" as "[A] charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

5. There is no "cause" that could provide a basis for restricting DJP's ability to credit bid on the Debtor's assets, most or all of which are collateral securing the Debtor's obligations to DJP.

6. Further, there is no basis to require DJP to provide further evidence of financing sufficient to pay whatever bid it may make or to submit a cash deposit. Up to the amount of its secured claim, DJP has already extended financing and satisfied any need for a cash deposit, and it would be inequitable to require it to do either. As noted below, the proposed sale will not benefit DJP unless all of the indebtedness owed to it by the Debtor is satisfied, either because the amount is sufficient to satisfy such indebtedness in full or because DJP agreed to receive payment for an amount less than the full amount it is owed.

7. In addition, using DJP's collateral to fund a "break-up" fee is inappropriate unless DJP's claim will be paid in full. The Trustee should be required to fund any approved break-up fee from property of the estate that is not subject to DJP's security interest. Unless a sale results in a cash payment to DJP of an amount that it is willing to take in satisfaction of its claim, a liquidation auction by the Trustee has no value to DJP. As a result, there is no basis to surcharge DJP's collateral under section 506(c) of the Bankruptcy Code.

## CONCLUSION

For all the reasons stated herein, DJP respectfully requests that the Court deny the Omnibus Motion.

Dated this 20th day of May, 2011.

**DURHAM JONES & PINEGAR, P.C.**

By: /s/ Kenneth L. Cannon II
　　Jeffrey M. Jones, Bar No. 1741
　　Kenneth L. Cannon II, Bar No. 3705
　　111 East Broadway, Suite 900
　　Salt Lake City, Utah 84111
　　Telephone: (801) 415-3000
　　Facsimile: (801) 415-3500
　　Email: jjones@djplaw.com
　　Email: kcannon@djplaw.com

*Attorneys for Durham Jones & Pinegar, P.C.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing **OBJECTION OF DURHAM, JONES & PINEGAR TO TRUSTEE'S MOTION TO (A) APPROVE BID PROCEDURES AND BID PROTECTION FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZE THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (C) PROHIBITING CREDIT BIDS AT THE AUCTION; AND (D) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES** was served via CM/ECF Notification and/or first class mail, postage prepaid, on this 20th day of May, 2011, on the following:

| | |
|---|---|
| Jonathan Clark | jrc@pearsonfirm.com |
| Anna W. Drake | annadrake@att.net |
| George B. Hofmann | gbh@pkhlawyers.com, dh@pkhlawyers.com |
| Michael R. Johnson | mjohnson@rqn.com, sglendening@rqn.com; docket@rqn.com |
| Michael D. Kendall | mdk@pkhlawyers.com |
| Peter J. Kuhn tr | Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov |
| John D. McLaughlin | jmclaughlin@ciardilaw.com |
| David L. Miller tr | davidlmillerpc@msn.com, ut09@ecfcbis.com; dlm@trustesolutions.com |
| Douglas M. Monson | dmonson@rqn.com, tpahl@rqn.com;docket@rqn.com |
| Robert S. Prince | rprince@kmclaw.com, squilter@kmclaw.com |
| Shawn T. Richards | srichards@kmclaw.com |
| Steven C. Strong | scs@pkhlawyers.com |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |

                                                                             /s/ Kristin Hughes