George Hofmann (10005)
Steven C. Strong (6340)
Michael D. Kendall (11404)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for David L. Miller,
Chapter 7 Trustee

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re | Bankruptcy No.  10-25027 (JTM) |
| AIP RESORT DEVELOPMENT, LLC, | Chapter 7 |
| Debtor. | |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT

Pursuant to Fed. R. Bankr. P. 9019, David L. Miller (the "Trustee") in his capacity as trustee of AIP Resort Development, LLC (the "Debtor"), through his counsel, hereby moves this Court for an order approving his entry into the Settlement Agreement (the "Agreement") in the form attached as Exhibit A.  In support of this motion, the Trustee respectfully represents as follows:

## JURISDICTION AND GENERAL BACKGROUND

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Petitioning Creditors AD Capital, LLC and Lockhart & Munroe commenced

this case under Chapter 11 of the Bankruptcy Code by filing an involuntary petition on

April 19, 2010.

3.      On March 14, 2011, this case was converted to one under Chapter 7 of

the Bankruptcy Code.  The Trustee has been appointed as the Chapter 7 Trustee of the

Debtor's estate.

4.      Since his appointment, the Trustee has performed his duties as required

by Bankruptcy Code § 704.  The Trustee has commenced an investigation of the

financial affairs of the Debtor, and the acts, conduct, assets, liabilities and financial

condition of the Debtor, and other matters relevant to the administration of the Debtor's

estate.

## THE SETTLEMENT

5.      Subject to this Court's approval, the Trustee has entered into the

Agreement.   To summarize, the Agreement provides as follows:

A.      The Trustee will file a joinder in the pending motion to dismiss;

B.      Seven Investments will deposit $35,000 into escrow within three

days after the joinder;

C.      The Trustee's counsel, Parsons Kinghorn Harris and David L.

Miller, P.C. will file fee applications with the Court;

D.     The parties will work together to seek entry of an order dismissing

this case by entry of an order of dismissal in the form attached as

Exhibit B to the Agreement; and

E.     The Trustee will receive a general release of any and all claims

from AIP, Seven Investments, and Mark Robbins.


### DISCUSSION

6.     In considering a proposed settlement, this Court applies the factors

enunciated in In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997).

These factors are: (1) the probable success of the underlying litigation on the merits; (2)

the possible difficulty in collection of a judgment; (3) the complexity and expense of the

litigation; and (4) the interests of creditors in deference to their reasonable views. Id. at

1022. These factors weigh in favor of approving the Agreement.

7.     With respect to the probability of success, the Trustee's analysis is as

follows:

A.     AIP has filed a motion to dismiss this case as a bad faith filing.  AIP

contends that the creditors who commenced this case hold alleged

claims that are subject to a bona fide dispute.  The petitioning

creditors, on the other hand, argue that the time to contest the

involuntary petition is long gone, and the adjudication of the petition

is now res judicata.  There is substantial uncertainty in the

Trustee's mind concerning the likely outcome of this matter.

B.      The Trustee has filed a motion to approve the sale of the estate's

assets.  While the Trustee believes it is more likely than not that he

would ultimately prevail on this sale motion, again there is

substantial uncertainty.  In particular, AIP and Durham Jones &

Pinegar have asserted secured claims against the estate.  If these

entities are allowed to credit bid, then there would likely be no

benefit to the estate selling its assets.  While the Trustee believes it

is more likely than not that he could show that these claims are in

bona fide dispute, these alleged secured creditors have strong

arguments to the contrary.

8.      The collectability of a judgment is not a factor in the Trustee's analysis.

9.      The complexity and expense of litigation is the primary factor in the

Trustee's analysis.  First, it should be noted that this estate has no liquid resources to

draw upon.  The estate has no cash to fund litigation.  That is of particular importance in

this case because the estate has potential interests in litigation in numerous fora,

including Delaware, California, and the Bahamas.  While the Trustee is himself a

lawyer, he is not admitted to practice outside of Utah.  He was able to persuade Utah

counsel to represent him in this case, but he does not believe that he could find counsel

in other jurisdictions willing to represent him without any promise of payment.

10.    The litigation in other jurisdictions includes:

A.    Peninsula Advisors, LLC and AIP Resort Development, LLC v. Fairstar Resources, Ltd., pending in the United States District Court for the District of Delaware. The Debtor is the plaintiff in that case. The Trustee's standing to act on behalf of the Debtor in that case has been challenged.

B.    The bankruptcy case of AIP, the Debtor's corporate parent, pending in the United States Bankruptcy Court for the District of Delaware.

C.    Seven Investments against AD Capital, LLC and Abraxas J. Discala, pending in the United States District Court for the District of Delaware. This complaint alleges causes of action including fraud, unjust enrichment, and breach of fiduciary duty. While the estate is not party to this litigation, it does have an effect on the estate as it could determine whether AD Capital has an allowed claim in this case.

D.    The bankruptcy case of Wolf Mountain, pending in the United States Bankruptcy Court for the Central District of California. It has been alleged that Wolf Mountain and its principals are connected with Fairstar, a party in interest in this case.

E.    Litigation in the Bahamas in which Hermitage Estates, Ltd. ("Hermitage") is a defendant and Hamby Ltd. is a plaintiff. The Trustee has not seen pleadings in this litigation. However, it has been reported to the Trustee by three sources that Hamby is attempting to foreclose its security interest in the real property owned by the Hermitage. If this is true, and the foreclosure is successful, then Hermitage may lose its valuable real estate. This is the most valuable asset in the Debtor's estate, as it owns a 50% interest in the Hermitage.

F.      Litigation in the Bahamas in which Hermitage is the plaintiff and Kendall PH, LLC is the defendant. The Trustee has very limited information about this litigation.

11.      The Trustee has been threatened with a claim for damages against him in the event that he does not defend the litigation in item 10(E) above and prosecute the litigation in item 10(F) above through the Hermitage. However, the Trustee has no resources to fund litigation in the Bahamas. He has contacted the Debtor's former Bahamian counsel, but that counsel refuses to communicate to the Trustee.

12.      It is the Trustee's assessment that this case and the related litigation is very complex and expensive. Compounding this problem, the estate has no resources to address its complex problems.

13.      If the Trustee believed that the estate would yield substantial amounts through the sale of its assets, he might have a different view of this case. However, he has discussed the sale of the estate assets, and the problem in funding the administration of this estate, with all interested parties, including Fairstar and AD Capital. No party has stepped forward to date willing to either (a) fund the estate to any significant degree, or (b) offer to purchase the estate's assets.

14.      Given the degree of interconnectedness among the parties to this case, the Trustee believes that it is likely that if any party were in a position to make a substantial offer to purchase the estate's assets, that he would have received an offer by now.

15.      Perhaps the most relevant factor in the Trustee's analysis is that there does not appear to be a true bankruptcy purpose to this case. Although AD Capital,

Lockhart & Munroe, and Don Bauer assert claims against the estate, it is not clear to the Trustee whether these claims are properly asserted against the Debtor's estate, or are instead properly asserted against AIP, Seven Investments, Mark Robbins, or the Hermitage. For the same reasons, it is unclear to the Trustee whether Durham Jones & Pinegar is truly a creditor of the estate. Although AIP, the Debtor's corporate parent, has asserted a claim against the estate based on a written line of credit agreement, the Trustee has not seen any evidence that funds were actually advanced by AIP to the Debtor.

16.    Based on this, it may well be that there are no creditors of this estate.

17.    On the other hand, even assuming that AIP, AD Capital, Lockhart & Monroe, and Durham Jones & Pinegar are all creditors of the estate, half of the creditors (AIP and Durham Jones & Pinegar) support dismissal of the case. While AD Capital and Lockhard & Munroe do not, these parties appear to have ample capacity to assert their rights outside of bankruptcy court.

18.    In the final analysis, the Trustee views this case as litigation case instead of a bankruptcy case. The Trustee does not believe that any creditors would be prejudiced by the dismissal of the case. And it may be that parties would be prejudiced by the Trustee's continued administration of the case. Certainly there will be an available forum in the Delaware bankruptcy court and the AIP bankruptcy proceedings for parties to assert their claims and for the litigation to continue.

**WHEREFORE**, the Trustee respectfully requests that the Agreement be approved, and for such other and further relief as may be just and proper.

Dated:    May 31, 2011          **PARSONS KINGHORN HARRIS**
                                *A Professional Corporation*

                                /s/ George B. Hofmann
                                GEORGE B. HOFMANN
                                STEVEN C. STRONG
                                MICHAEL D. KENDALL

                                Attorneys for Trustee

# EXHIBIT A
# TO:

# TRUSTEE'S MOTION
# TO APPROVE
# SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made this ___ day of May, 2011 (the "Agreement Date"), by and among David L. Miller (the "Trustee"), AIP Resort Development, LLC, a Delaware limited liability company (the "Debtor" or "AIP RD"), American Institutional Partners, LLC, a Delaware limited liability company ("AIP"), and Seven Investments, LLC, a Utah limited liability company ("Seven Investments") (each individually a "Party," and collectively, the "Parties").

### RECITALS

WHEREAS on April 19, 2010 (the "Petition Date"), AD Capital, LLC ("AD Capital") together with Lockhart & Munroe ("Lockhart," and together with AD Capital, "Petitioning Creditors"), filed an involuntary petition under Chapter 11 of the Bankruptcy Code [Docket No. 1], against AIP RD (the "Involuntary Petition") in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") alleging that both AD Capital and Lockhart were creditors of AIP RD;

WHEREAS on June 8, 2010, the Bankruptcy Court entered an order for relief by default against AIP RD [Docket No. 18], thereby commencing the Chapter 11 Bankruptcy Case (the "Bankruptcy Case");

WHEREAS the Bankruptcy Court ordered the appointment of a Chapter 11 trustee for AIP RD, and the Trustee was appointed the Chapter 11 trustee on January 21, 2011 [Docket No. 155];

WHEREAS on January 24, 2011, the Trustee filed the *Trustee's Motion to Convert Case to One Under Chapter 7 of the Bankruptcy Code* [Docket No. 158] (the "Motion to Convert") seeking to have the Bankruptcy Case converted from one proceeding under Chapter 11 of the Bankruptcy Code to one proceeding under Chapter 7;

WHEREAS Durham Jones & Pinegar, P.C., AIP, and AIP RD filed objections to the Motion to Convert [Docket Nos. 183, 184, and 185 respectively], and Fairstar and Petitioning Creditors filed joinders in support of the Motion to Convert [Docket Nos. 186 and 202 respectively];

WHEREAS the Bankruptcy Court granted the Motion to Convert following a hearing on March 14, 2011, with the Bankruptcy Court entering an order the same day [Docket No. 205] (the "Conversion Order");

WHEREAS AIP RD and AIP filed a *Notice of Appeal* [Docket No. 214] of the Conversion Order on March 25, 2011, and AIP filed its *Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 707(A) and 305(A)(1)* [Docket No. 260] alleging that cause exists to dismiss the Bankruptcy Case because, among other reasons, the Petitioning Creditors filed the Involuntary Petition in bad faith;

WHEREAS the burdens of administering the Debtor's bankruptcy estate (the "Estate"), including the costs of multiple lawsuits in multiple courts both here and abroad, greatly outweigh any perceived benefit to the bankruptcy estate and any likely recovery to the creditors of AIP RD; and

WHEREAS the Trustee has thoroughly examined the matter and undertaken a comprehensive analysis of what is in the best interests of the Estate and its potential creditors, to the best of his ability under the circumstances, including consideration, to the extent possible, of litigation in various jurisdictions, including Delaware, California, and the Bahamas, without the benefit of counsel admitted to practice in those jurisdictions, and by exercising his business judgment, desires to dismiss the Bankruptcy Case in conjunction with the other Parties;

NOW, THEREFORE, in consideration of the mutual promises made below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

## AGREEMENT

1.    **Approval of this Agreement:**  The Trustee will promptly file a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Agreement by the Bankruptcy Court as well as motion to shorten time for hearing on the approval of this Agreement.  This Agreement is subject to approval of the Bankruptcy Court.

2.    **Dismissal of the Bankruptcy Case:**

    a.  The Trustee hereby agrees, after an appropriate exercise of his business judgment and a review of, among other things, the facts set forth in the above Recitals, that the Bankruptcy Case should be dismissed in its entirety.

    b.  The Trustee will file a *Joinder of Trustee to Motion to Dismiss* (the "Joinder") with the Bankruptcy Court in the form attached hereto as Exhibit A within 24 hours of the Agreement Date.

    c.  The Trustee will take all necessary and proper steps to seek dismissal of the Bankruptcy Case promptly in the Bankruptcy Court and/or any other court which may have jurisdiction over the Bankruptcy Case.

3.    **Escrow**:    Seven Investments will deposit $35,000 (the "Funding Amount") in the trust account of Anna W. Drake, P.C. (the "Escrow Agent") within three business days after the Trustee files the Joinder.

4.    **Funding of the Bankruptcy Estate:**  Immediately following the entry of a final and non-appealable order dismissing the Bankruptcy Case (as described in Paragraph 6) (the date on which such order has been entered and is final and non-

appealable being the "Dismissal Date"), the Escrow Agent shall deliver the Funding Amount to the Trustee as funding for the Estate. The Parties believe that the Funding Amount will be insufficient to pay the allowed Chapter 7 and Chapter 11 costs of administration of the Estate. The Parties believe that the Funding Amount shall be used only for the satisfaction of the allowed costs of administering the Estate, which are the following fees/costs:

  a. Fees owed to the Office of the United States Trustee, which constitute costs of administering the Estate as a Chapter 11 administrative expense claim; and

  b. The Trustee/PKH Fees (as described in Paragraph 5).

 5.   **Payment of Trustee/PKH Fees:**

  a. The Trustee's counsel (David L. Miller, P.C. and Parsons Kinghorn Harris) will submit to the Bankruptcy Court a fee application for all fees and costs reasonably incurred with respect to this Bankruptcy Case (the "Trustee/PKH Fees"). Pursuant to the order of dismissal, the Court will retain jurisdiction after the dismissal of the Bankruptcy Case to approve the Trustee/PKH Fees and to order their payment to the extent of the amount remaining under the Funding Amount after all payments are made to the Office of the United States Trustee.

  b. Neither AIP, AIP RD, Robbins, nor Seven Investments will object to the payment by AIP RD of the Trustee/PKH Fees.

 6.   **The Order of Dismissal:** The Parties shall work together in good faith to seek the entry by the Bankruptcy Court of an order dismissing the Bankruptcy Case, substantially in the form attached as Exhibit B. In the event that the Dismissal Date has not occurred on or prior to July 10, 2011 (which date may be extended by Seven Investments in its sole and absolute discretion by written notice to the other Parties and the Escrow Agent), then, upon written notice from Seven Investments to the other Parties and the Escrow Agent, the Escrow Agent shall release the Escrow Amount to Seven Investments and this Agreement shall be of no further force or effect.

 7.   **Trustee Release.** Effective upon the Dismissal Date, AIP, Seven Investments, and Mark Robbins on behalf of themselves, their subsidiaries or affiliates, any predecessor or successor, or any other entity or person claiming by, through or under any of them (the "Releasors"), hereby fully, finally and forever remise, release, and discharge the Trustee, his attorneys in the Bankruptcy Case, the Estate, and any of their respective predecessors, successors, and assigns (the "Releasees") of and from any and all claims, counterclaims, crossclaims, actions, causes of action, suits, contracts, covenants, agreements, promises, trespasses, debts, dues, demands, accounts, bonds, bills, notices, controversies, obligations, liabilities, damages, judgments, executions, liens, encumbrances, claims for contribution and indemnity, losses, costs or expenses of any nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected,

asserted or unasserted, fixed or contingent, matured or unmatured, which any of the Releasors at anytime had, owned or held from the beginning of the world through the date of this Release against any of the Releasees by reason of any matter, cause, fact, thing, act or omission whatsoever arising out of, based upon, or relating to any matter or event, past or present (all of the foregoing are hereinafter collectively referred to as the "Claims"). Effective as of the Dismissal Date, the Releasors hereby waive the right to commence, institute or prosecute any lawsuit, action or other proceeding against the Releasees relating to, arising from or in connection with the Claims. The Releasors represent and warrant that they have not assigned, transferred, encumbered, granted a security interest in, or conveyed the Claims to any person or entity.

Notwithstanding the foregoing provisions of this Paragraph 7:

(a)   The releases and discharges set forth above do not release, discharge or waive any Claim arising from the breach or failure of any representation, warranty, agreement, or covenant contained in this Agreement;

(b)   The releases and discharges set forth above do not release, discharge, or waive (1) AIP's claims against AIP RD for all amounts owed under the line of credit arrangement dated as of October 10, 2006, between AIP RD, as borrower, and AIP, as lender, and/or the documents and instruments relating thereto, and (2) AIP's claims as to a 55 percent interest in AIP RD;

(c)   It is acknowledged and agreed that no person or entity, other than those expressly named as a Releasee in paragraph 7 above, is or shall be deemed a Releasee for purposes of the releases and discharges provided for above. By way of example, none of the following, or any of their respective affiliates, is or shall be deemed a Releasee: AD Capital, A.J. Discala, Lockhart, Elliott Lockhart, Fairstar Resources Ltd., Goldlaw Pty Ltd., Kevin Robertson, Kirton & McConkie and its attorneys, Wolf Mountain Resorts, L.C., Paul Peters, Victoria Fitlow, Pen Adv Management, LLC, Kenneth Griswold, Barry Silverton, Kendall PH, LLC, and Eddie Meacham; and

(c)   The obligations of AIP under this Agreement, including without limitation the releases by AIP in this Paragraph 7, are subject to the approval of the U.S. Bankruptcy Court for the District of Delaware (which has jurisdiction over the pending Chapter 11 bankruptcy case of AIP). Promptly following the Agreement Date, AIP shall file a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Agreement by such court.

8.   **No Admission:** This Agreement is executed pursuant to a compromise and settlement, does not constitute an admission by any Party as to the merit or lack of merit of any claims brought or that could have been brought against the other or any defenses asserted or that could have been asserted with respect thereto, nor does it constitute an admission by any of the Parties for any other purpose. Rather, each Party is entering into this Agreement solely for the purpose of resolving the dispute and settling their affairs between themselves.

9.    **Entire Agreement:**  This Agreement contains and constitutes the entire understanding and agreement between the Parties with respect to the subject matter hereof, and cancels all prior or contemporaneous oral or written understandings, negotiations, agreements, commitments, warranties, representations, and promises in connection herewith.

10.    **Amendment:**  This Agreement shall be binding upon the Parties and may not be amended, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by each of the Parties hereto.

11.    **Choice of Law; Submission to Jurisdiction:**  This Agreement shall be construed and interpreted, without giving effect to principles of conflict of law, in accordance with the laws of the State of Utah.  The provisions of this Agreement shall be interpreted where possible in a manner to sustain their legality and enforceability.  The unenforceability of any provision of this Agreement in a specific situation shall not affect the enforceability of that provision in another situation or the remaining provisions of this Agreement.  The Bankruptcy Court shall have jurisdiction for the determination of any controversy arising under or in connection with this Agreement.  Each Party hereby irrevocably and unconditionally waives, to the fullest extent it may legally and effectively do so, (i) any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding arising out of or relating to this Agreement as provided above, and (ii) any defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

12.    **Further Assurance:**  Each Party agrees to undertake all actions, and to make, execute, and deliver such written instruments and documents as shall from time to time be reasonably required to carry out the terms and provisions of this Agreement.

13.    **Counterparts:**  This Agreement may be executed in several counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.  A facsimile, PDF, or similar copy of this and any signatures thereon shall constitute original signatures and an original Agreement for all purposes.

14.    **Representation by Counsel:**  Each Party hereby acknowledges that he or it has been represented by legal counsel of his, her, or its own choice with respect to the entry into this Agreement and that he or it has executed this Agreement with the consent and on the advice of such legal counsel.  Each Party acknowledges that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

15.    **Recitals Binding:**  The recitals in this Agreement are not merely recitals but are material terms of the Agreement and binding on the Parties.

IN WITNESS WHEREOF, each of the Parties has caused this Settlement Agreement to be executed and delivered as of the Agreement Date.

David L. Miller, Esq.
Chapter 7 Trustee for AIP Resort
Development, LLC

**AIP Resort Development, LLC**

By: American Institutional Partners, LLC,
its Manager

By: _____
Name: Mark Robbins
Title: Manager

The Escrow Agent hereby agrees to receive and disburse the Escrow Amount in accordance with the provisions of this Agreement:

**Anna W. Drake, P.C.**

By: _____
Name: Anna W. Drake
Title: President

**American Institutional Partners, LLC**

By: _____
Name: Mark Robbins
Title: Manager

**Seven Investments, LLC**

By: _____
Name: Mark Robbins
Title: Manager

{00121893.DOC / 2 }

IN WITNESS WHEREOF, each of the Parties has caused this Settlement Agreement to be executed and delivered as of the Agreement Date.

**AIP Resort Development, LLC**

By:  American Institutional Partners, LLC, its Manager

_____

**David L. Miller, Esq.**
Chapter 7 Trustee for AIP Resort
Development, LLC

By:_____
Name:  Mark Robbins
Title:  Manager

The Escrow Agent hereby agrees to receive and disburse the Escrow Amount in accordance with the provisions of this Agreement:

**American Institutional Partners, LLC**

**Anna W. Drake, P.C.**

By:_____
Name:  Mark Robbins
Title:  Manager

By: _____
Name:  Anna W. Drake
Title:  President

**Seven Investments, LLC**

By:_____
Name:  Mark Robbins
Title:  Manager

# EXHIBIT A

George Hofmann (10005)
Steven C. Strong (6340)
Michael D. Kendall (11404)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for David L. Miller,
Chapter 7 Trustee

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re | Bankruptcy No.  10-25027 (JTM) |
| AIP RESORT DEVELOPMENT, LLC, | Chapter 7 |
| Debtor. | |

## TRUSTEE'S JOINDER IN MOTION TO DISMISS

David L. Miller (the "Trustee"), the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate of AIP Resort Development, LLC (the "Debtor" or "AIP RD"), by and through his counsel, hereby joins in the Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. §§ 707(A) and 305(A)(1) [Docket No. 260], and states as follows:

1.     On April 19, 2010 (the "Petition Date"), AD Capital, LLC ("AD Capital") together with Lockhart & Munroe ("Lockhart," and together with AD Capital, "Petitioning Creditors"), filed an involuntary petition under Chapter 11 of the Bankruptcy Code

[Docket No. 1], against AIP RD (the "Involuntary Petition") in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").

2.     On June 8, 2010, the Bankruptcy Court entered an order for relief by default against AIP RD [Docket No. 18], thereby commencing the Chapter 11 Bankruptcy Case (the "Bankruptcy Case").

3.     The Bankruptcy Court ordered the appointment of a Chapter 11 trustee for AIP RD, and the Trustee was appointed the Chapter 11 trustee on January 21, 2011 [Docket No. 155].

4.     On March 14, 2011, the Court granted the *Trustee's Motion to Convert Case to One Under Chapter 7 of the Bankruptcy Code* [Docket No. 158] (the "Motion to Convert"), and converted the Bankruptcy Case from one proceeding under Chapter 11 of the Bankruptcy Code to one proceeding under Chapter 7.

5.     AIP filed its *Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 707(A) and 305(A)(1)* [Docket No. 260] ("Motion to Dismiss") alleging that cause exists to dismiss the Bankruptcy Case because, among other reasons, the Petitioning Creditors filed the Involuntary Petition in bad faith. A hearing on this Motion to Dismiss is scheduled in the Bankruptcy Court for June 10, 2011.

7.     The burdens of administering the bankruptcy estate, including the costs of multiple litigations in multiple courts both here and abroad, greatly outweigh any likely benefit to the bankruptcy estate and any likely recovery to the creditors of AIP RD.

8.     The Trustee, has thoroughly examined the matter and undertaken a comprehensive analysis of what is in the best interests of the estate and its potential

{00121942.DOC / }                          2

creditors, to the best of his ability under the circumstances, including a consideration, to the extent possible, of litigation in various jurisdictions, including Delaware, California, and the Bahamas, without the benefit of counsel admitted to practice in those jurisdictions, and by exercising his business judgment has determined that the Bankruptcy Case should be dismissed.

9.     Subject to this Court's approval, the Trustee has entered into a Settlement Agreement with American Institutional Partners, LLC and Seven Investments, LLC, and will be filing as soon as is practicable a motion for approval of that Settlement Agreement.  The Trustee is joining in the Motion to Dismiss consistent with the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests the dismissal of this bankruptcy case with prejudice, consistent with the terms of the Settlement Agreement.

Dated:     May 31, 2011

<div style="margin-left:40%">

PARSONS KINGHORN HARRIS
*A Professional Corporation*

/s/ George B. Hofmann
GEORGE B. HOFMANN
STEVEN C. STRONG
MICHAEL D. KENDALL

Attorneys for Trustee

</div>

# EXHIBIT B

George B. Hofmann (10005)
Steven C. Strong (6340)
Michael D. Kendall (11404)
**PARSONS KINGHORN HARRIS**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Direct: (801) 415-0132
Fax: (801) 363-4378
Email: gbh@pkhlawyers.com
Email: scs@pkhlawyers.com
Email: mdk@pkhlayers.com

*Attorneys for David L. Miller, Chapter 7 Trustee*

---

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

---

| | |
|---|---|
| In re:  AIP RESORT DEVELOPMENT, LLC, <br><br> Debtor. | **Bankruptcy No. 10-25027 JTM** <br> Honorable Joel T. Marker <br><br> **ORDER GRANTING DISMISSAL OF BANKRUPTCY CASE WITH PREJUDICE** <br> (VIA ECF) |

---

This matter came before the Court on the *Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 707(A) and 305(A)(1)* [Docket No. 260] ("Motion to Dismiss") alleging that cause exists to dismiss the above-captioned bankruptcy case (the "Bankruptcy Case"), and the *Trustee's Joinder to the Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 707(A) and 305(A)(1)* [Docket No. ____]. The Court being fully advised of the issues, and good cause appearing therefore:

**IT IS HEREBY ORDERED:**

1.       The Motion to Dismiss is granted;

2.       The Bankruptcy Case shall be dismissed with prejudice.

3.    The Bankruptcy Court shall retain jurisdiction solely for the purpose of approving Trustee's counsel fees.

-------------------------------------------END OF DOCUMENT-----------------------------------